9  485;
46 1090

### T. J. HICKMAN *v.* L. BAILEY et al.

The warrantors, on whom the loss is to fall, must be parties to the appeal, or the appeal will be dismissed.

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J.  *Ogden* and *T. H. Lewis*, for plaintiff and appellant.  *Elgee & Hyams*, for defendants.

OGDEN, J.  This is a petitory action.  The plaintiff claims the ownership of several tracts of land, described in his petition as being situated on the "Rigo-

let du Bon Dieu," in the parish of Natchitoches, under titles derived from the government of the United States. He alleges that the defendants have entered upon and taken possession of this land, and claim to be the owners of the same, by virtue of a certain pretended title derived from *Juan de Leon*, which title they represent to be fraudulent, and as never having been located by the proper authority under the government of the United States.

The defendants, *Bailey* v. *Hughes*, in answer, aver, that they hold by good and valid titles derived, as to the defendant *Hughes* from Littleton Bailey, who derived the same from *Juan de Leon*, the grantor, under the Spanish government; that said grant was confirmed by the government of the United States and was located by the officers thereof. They aver that they purchased from their respective vendors in good faith, and for a valuable consideration, and in case of eviction are, therefore, entitled to recover the useful improvements made by them on the land of the value of ten thousand dollars. That the heirs of the late *James Bowie* are bound in warranty to them, and pray that they may be accordingly cited, and in case of eviction, that such judgment be rendered against said heirs in their favor, as may be legal and just. The other defendants, *Thomas & Wells*, claim also under said *Bailey*.

The heirs of *Bowie* being cited, also joined issue and denied any liability as warrantors.

The case was submitted to a jury in the court below, and from the judgment rendered on their verdict in favor of the defendant, the plaintiff has appealed.

The appellees have filed a motion to dismiss the appeal, on the ground that the warrantors have not been made parties. We think the motion must prevail. The appeal, it appears, was granted on motion in open court, but the bond given does not contain the names of the warrantors. The case of *Charlotte Williams and Husband* v. *Micajah Courtney et al.*, 8 A. 63, is directly in point. In that case, t  e rule is well settled, that the warrantors, on whom the loss is to fall in the event of the reversal of the judgment, must be made parties. See the reasons and authorities therein quoted. It appears that on the 1st of December, 1832, *James Bowie* conveyed to *L. Bailey*, a tract of land, a part of which constitutes the subject matter in litigation, for the price of $2000. The deed of conveyance contains the usual clause of warranty. But it is urged by the appellant, that the heirs of *Bowie* have no real interest in the matter, and are not bound in warranty, and ought not to have been cited as such, inasmuch as the title relied on by the defendant does not emanate from *Bowie*, but porports to come from *Juan de Leon*, the pretended grantor, directly to *Bailey*. In May, 1834, it appears that *Bowie* wrote to *Juan de Leon*, his vendor, that there existed some defect in the conveyance made to him in December, 1818, which he would discover from a copy which he sent, and requested him to renew the deed in favor of Mr. *Bailey*, the bearer of the letter, in such manner as should be satisfactory to both of them, which was done, *De Leon* stipulating the same price as that contained in his deed to *Bowie*. It is on this, that the appellant relies to sustain his position. But it is far from being clear to our minds, that this circumstance is entitled to produce the effect contended for, the extinguishment of the obligation of warranty of *James Bowie*, as vendor of *L. Bailey*. Instead of lessening or impairing, it would seem to increase the warranty, or be an additional security to the purchaser. That being the case, the effect of the reversal of the judgment by this court,

would operate as a perpetual bar to the defendants' right against their warrantors, who are not parties to this appeal.

It is therefore ordered, adjudged and decreed, that the appeal be dismissed at the appellant's costs.